CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 19 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| C. ALLEN FOSTER, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WINTERGREEN REAL ESTATE COMPANY, ET AL., <br><br> Defendants. | CIVIL NO. 3:08cv00031 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Plaintiffs' Motion for Reconsideration and for Leave to Amend the Complaint [docket no. 34]. The Plaintiffs seek reconsideration of this Court's Order of November 6, 2008, dismissing the Complaint, and provide a proposed Amended Complaint. The Defendants have responded to the motion, and the motion may be adequately decided without a hearing. For the reasons that follow, the Court will deny the Plaintiffs' motions.

## I. BACKGROUND

The facts of this case, as set out in the Complaint, are summarized in the Court's opinion of November 6, 2008, and will not be reiterated here. The Plaintiffs move the Court to reconsider that ruling, and to allow the Plaintiffs to file an amended complaint, on the grounds that the additional allegations contained in the proposed Amended Complaint would cure the defects in the original Complaint and state a claim under the Racketeering Influenced and Corrupt Organizations Act ("RICO"). The Amended Complaint contains additional factual allegations as well as multiple exhibits, which elaborate on the same basic allegations and claims

made in the original Complaint.

## II. STANDARD OF REVIEW

The Plaintiffs move for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which provides that a party may move to amend or alter a judgment within ten days of its entry. The Plaintiffs' motion was timely filed. The Fourth Circuit has "recognized three grounds for amending an earlier judgment [pursuant to Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993); *see also Pacific Ins. Co. v. American National Fire Insurance Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion may not be used to "raise arguments which could have been raised prior to the issuance of the judgment." *Pacific Ins. Co.*, 148 F.3d at 403. The appropriateness of granting a motion to reconsider is within the sole discretion of the court. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir.1989).

Federal Rule of Civil Procedure 15 provides that a party may amend a pleading after a responsive pleading has been filed only with the consent of the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(2). The court should "freely give leave [to amend] when justice so requires." *Id.* However, if an amended complaint would also fail to state a claim, leave to amend may be denied as futile. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (*citing HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).

## III. DISCUSSION

### A. Motion to Reconsider

The Plaintiffs have not shown grounds sufficient to justify granting its motion for reconsideration. The Plaintiffs do not point to a change in the controlling law since this Court

dismissed the Complaint. The Plaintiffs do not contend that there is any "newly discovered evidence" that warrants relief from the judgment.[1] Rather, the Plaintiffs argue that the Court's previous ruling constituted clear legal error. Having reviewed my previous ruling and the arguments of the parties, I remain convinced that the Plaintiffs failed to state a claim under either the civil RICO statute or the federal Lanham Act, and that, having dismissed those claims, I properly declined to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the Plaintiffs' Motion for Reconsideration will be denied.

### B.   Motion to Amend the Complaint

The proposed Amended Complaint would not withstand a motion to dismiss for failure to state a claim, and therefore leave to amend will be denied. In dismissing the original Complaint, I held that the Plaintiffs had failed to allege a pattern of racketeering activity, as required to state a civil RICO claim. While I noted other deficiencies in the Plaintiffs' pleading, without proper allegations of a pattern of racketeering activity, the Plaintiffs will not be able to sustain a RICO claim even if those deficiencies are remedied.[2]

In evaluating the proposed Amended Complaint, the Court is mindful of the caution

---

[1] The Plaintiffs would not prevail on this ground even if they did argue that the additional allegations and evidence submitted with the proposed Amended Complaint constituted newly discovered evidence. In order to obtain relief on the basis of newly discovered evidence, a party must show:
> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan*, 884 F.2d at 771. This standard requires that the evidence could not, with reasonable diligence, have been discovered and produced at the hearing. *Id.* If a party relies on newly discovered evidence, that party must provide a legitimate justification for not presenting that evidence prior to the judgment at issue. *Pacific Ins. Co.*, 148 F.3d at 403. There is no indication that the additional allegations and evidence submitted with the proposed Amended Complaint were previously unavailable to the Plaintiffs, or that they could not have discovered that information with reasonable diligence.

[2] Contrary to the Plaintiffs' interpretation, I did not hold that allegations of net losses were required to state a RICO claim. The Court recognizes that the loss of profits, without a loss of equity, is a cognizable injury. The point in referring to the lack of net losses in this case was to demonstrate that the actions of the Defendants, even if true as alleged, do not rise to the type of threat to society that the RICO statute was intended to address.

Case 3:08-cv-00031-NKM-BWC   Document 42   Filed 12/19/08   Page 3 of 5   Pageid#: 766

urged by the Fourth Circuit in considering RICO claims based solely on predicate acts of mail and wire fraud. The Fourth Circuit has noted that:

> a great many ordinary business disputes arising out of dishonest business practices or doubtful accounting methods, such as have until the present been redressed by state remedies, could be described as multiple individual instances of fraud, if one chose to do so. But to adopt such a characterization would transform "every such dispute . . . [into] a cause of action under RICO."

*Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir. 1988) (*quoting HMK Corp. v. Walsey*, 828 F.2d 1071, 1074 (4th Cir. 1987)). The Fourth Circuit has also noted that "[w]hat constitutes a RICO pattern is thus a matter of criminal dimension and degree." *International Data Bank, Ltd. v. Zepkin*, 812 F.2d 149, 155 (4th Cir. 1987).

The proposed Amended Complaint expands somewhat on the allegations in the Complaint, in that the Plaintiffs now provide the names of several other alleged victims of Defendants' scheme, as well as lists of properties sold through the Defendants but not listed on MLS. However, the additional allegations still fail to support a RICO claim. The allegations that the Defendants failed to list other sellers' properties in the MLS does not, by itself, substantiate a conclusory allegation that the Defendants defrauded those sellers, even if those sellers had not given the Defendants permission to withhold the listings from the MLS. Thus, the additional allegations are insufficient to show that the alleged scheme extended beyond the Plaintiffs in scope or degree adequate to constitute a pattern of racketeering activity.

The core of the Plaintiffs claims is that the Defendants failed to properly market the Plaintiffs' properties, resulting in lost profits to the Plaintiffs. These claims are, at best, run-of-the-mill fraud or breach of contract claims. The Plaintiffs do not make any allegations of predicate acts other than mail and wire fraud. None of the additional allegations in the Amended Complaint serve to differentiate this case from a "garden variety fraud" or ordinary business

dispute. This case is therefore inappropriate for RICO treatment, and Plaintiffs' claims are best resolved in state court.

In conclusion, the proposed Amended Complaint fails to show the requisite pattern of racketeering activity required to maintain a civil RICO claim. Therefore, the Amended Complaint would not withstand a motion to dismiss for failure to state a claim, and leave to amend the complaint will be denied as futile. *See, U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370 (4th Cir. 2008) (affirming district court's denial of leave to amend where amended complaint would not state a claim sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6)).

## IV. CONCLUSION

For the reasons stated herein, the Court will deny the instant Motion (docket no. 34). An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED: This 19th Day of December, 2008

                                      NORMAN K. MOON
                                      UNITED STATES DISTRICT JUDGE